

Enrique Perez, Consumer Plaintiff
Bella T. Perez Consumer Plaintiff
3158 14th Street
San Pablo, California [94806]
510-375-0346

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Enrique Perez,<br>Bella Perez<br><br>*Plaintiffs*<br><br>BAYVIEW LOAN SERVICING,LLC<br><br>*Defendants* | CASE NO: CV 15 2196<br><br>**VERIFIED COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW**, Enrique Perez and Bella Perez, husband and wife, complaining of the Defendant as follows;

## INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of 15 U.S.C. §1681, Fair Debt Collection Practices Act, 15 U.S.C. §1692.

## I. THE PARTIES

2. Plaintiffs Enrique Perez and Bella Perez are now and at all times relevant to this action as "state" Citizens of California. Plaintiffs are "consumers" as that term is defined within 15 U.S.C. §1692a (3).

3. Defendant BAYVIEW LOAN SERVICING, LLC "Debt Collector" is a limited liability corporation formed under the laws of the state of Illinois. Defendant has a principal place of business located at 62516 Collection Center Drive Chicago, IL 60693. Defendant BAYVIEW LOAN SERVICING, LLC, is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## II. JURISDICTION AND VENUE

4. The US District Court Northern District of California has jurisdiction pursuant to 15 U.S.C. §1692 *et,* al, and 15 USC§1681p *et,* al, and the court has concurrent jurisdiction over Plaintiffs tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state of California. Therefore venue is proper within this court

## III. FACTUAL ALLEGATIONS

5. Plaintiffs brings this action regarding the Defendants, in their continued attempts to collect an alleged debt Defendants claims are owed them. However, Plaintiff is without knowledge of the alleged debt Defendant claim is owed.

6. On or about March 16, 2015, Plaintiff received a dunning notice by Defendant BAYVIEW LOAN SERVICING, LLC (*see* attached "Exhibit A"). The dunning notice makes numerous claims by Defendant regarding an alleged loan. On the bottom of this dunning notice is says "BAYVIEW LOAN SERVICING, LLC. **is a debt collector**". Plaintiffs are without specific knowledge and evidence that supports the Defendant claims and allegations.

7. On or about March 30, 2015 Plaintiffs served upon BAYVIEW LOAN SERVICING, LLC a Notice of Validation of Debt pursuant to 15 USC§1692, FDCPA (*see* attached exhibit B). The notice required the Defendant " debt

collector" to validate / verify their alleged debt pursuant to 15 USC§1692g. §1692g states that Defendant must respond with:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor According to the General Accounting Practices, BAYVIEW LOAN SERVICING, LLC must be exact as to how much the alleged debt is.

8. Defendant received an assignment of the mortgage after the debt was in default. According to U.S.C. Title 15, Section §1692a(4)" The term "Creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that **he receives an assignment or transfer of a debt** in default solely for the purpose of facilitating

collection of such debt for another." Debt collectors are not allowed to take property.

9. Defendant has received an assignment or transfer of a debt allegedly owed by Plaintiff. This assignment was created well after the debt was in default. Additionally, this debt has been securitized and entered into a Remic trust pass through certificate. This trust was closed 90 days after it was opened. Years later, an assignment was created. According to the purchase service agreement of this trust, once the trust is closed, there can be no more loans added or subtracted from the trust, no assignments, no more transfers, period. According to 26 U.S.C. § 860D, a Remic trust only has 90 days to move loans in and out of the trust: 26 U.S.C. REMIC defined

(a) General rule For purposes of this title, the terms "real estate mortgage investment conduit" and "REMIC" mean any entity - (1) to which an election to be treated as a REMIC applies for the taxable year and all prior taxable years, (2) all of the interests in which are regular interests or residual interests, (3) which has 1 (and only 1) class of residual interests (and all distributions, if any, with respect to such interests are pro rata), (4) **as of the close of the 3rd month beginning after the startup day and at all times thereafter,** substantially all of the assets of which consist of qualified mortgages and permitted investments, (5) which has a taxable year which is a calendar year, and (6) with respect to which there are reasonable arrangements designed to ensure that - (A) residual interests in such entity are not held by disqualified organizations (as defined in section 860E(e)(5)), and (B) information necessary for the application of section 860E(e) will be made available by the entity. In the case of a qualified liquidation (as defined in section 860F(a)(4)(A)), paragraph (4) shall not apply during the liquidation period (as defined in section 860F(a)(4)(B)). (b) Election (1) In general An entity (otherwise meeting the requirements of subsection (a)) may elect to be treated as a REMIC for

its 1st taxable year. Such an election shall be made on its return for such 1st taxable year. Except as provided in paragraph (2), such an election shall apply to the taxable year for which made and all subsequent taxable years. (2) Termination (A) In general If any entity ceases to be a REMIC at any time during the taxable year, such entity shall not be treated as a REMIC for such taxable year or any succeeding taxable year. (B) Inadvertent terminations If - (i) an entity ceases to be a REMIC, (ii) the Secretary determines that such cessation was inadvertent, (iii) no later than a reasonable time after the discovery of the event resulting in such cessation, steps are taken so that such entity is once more a REMIC, and (iv) such entity, and each person holding an interest in such entity at any time during the period specified pursuant to this subsection, agrees to make such adjustments (consistent with the treatment of such entity as a REMIC or a C corporation) as may be required by the Secretary with respect to such period, then, notwithstanding such terminating event, such entity shall be treated as continuing to be a REMIC (or such cessation shall be disregarded for purposes of subparagraph (A)) whichever the Secretary determines to be appropriate. No where in the PSA, or the above definition does it allow for the ongoing removal of assets after the closing of the Remic.

How can an assignment be valid if it was made years after the trust was closed? And how can anyone, or the Defendant attempt to collect on a debt that has already been sold to a Remic trust? Once the loan is sold, the note holder is now the Remic trust. The Defendants no longer can claim that they can foreclose on Plaintiffs Property, the Remic trust can. Plaintiffs will bring up these inquiries during the discovery phase of this lawsuit.

10. The above detailed conduct by the Defendant has more to do with their deceptive and illegal acts in their attempt to collect the alleged debt, as opposed to any legitimacy of their alleged debt. The FDCPA relates to the Defendant even if

they were collecting a legitimate debt. Plaintiff alleges for the record that the Defendant is not a creditor, lenders, nor mortgagees, neither did the Defendants provide any credit, or services to Plaintiffs. The Defendant is a 'debt collector" pursuant to 15 U.S.C. §1692a(6). Plaintiffs alleges the FDCPA states in part;

The term "**debt collector**" means any person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, or used any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.** For the purpose of section 808(6), such term also includes any person who used any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

11. Plaintiff therefore seeks damages as a result of Defendant(s) acts.

## IV. FIRST CAUSE OF ACTION

## VIOLATION OF U.S.C. §1692, FAIR DEBT COLLECTIONS PRACTICES ACT

12. Paragraphs 1-11 are re-alleged as though fully set out herein.

13. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

14. Plaintiffs are "consumers" as defined in 15 U.S.C. §1692a(3). Defendant is a debt collectors as defined in 15 U.S.C. §1692a(6). Defendant was attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. §1692a(5).

15. Plaintiffs served Defendant with a Notice of Dispute in compliance with 15 U.S.C. §1692g. 15 U.S.C. §1692g requires Defendant to provide Plaintiff with verification of the alleged debt once received. 15 U.S.C. §1692g(5)(b) requires Defendant to cease all collection activity until the debt collector obtains *verification* of the alleged debt. Defendant has failed to provide one scintilla of proof of their alleged debt. However Defendant continues to make attempts at collection of the alleged debt through threats to sell Plaintiffs Property.

16. Defendant has violated the FDCPA, and caused damages to Plaintiffs by their failure to comply with the Act. Possible Defendant's violations include, but are not limited to the following:

a. Defendant has violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

b. Defendant has violated 15 U.S.C. §1692(j) of the Fair Debt Collection Practices Act by using unfair or unconscionably means in connection with the collection of an alleged debt.

c. Defendant has violated 15 U.S.C. §1692f(1) "Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law".

d. Defendant has violated 15 U.S.C. §1692e(2) "Character, amount or legal status of alleged debt.

e. Defendant has violated 15 U.S.C §1692f(6) "Taken or threatened to unlawfully repossess or disable the consumer's property.

f. Defendant has violated 15 USC§1692g failure to validate, verify alleged debt.

17. Specifically Defendant knew it was not entitled to collect on the non-existent debt.

18. Defendant was fully aware that they were/are unable to provide a performance contract executed by Plaintiffs, whereby Plaintiffs are obligated to Defendant.

19. Defendant alleges by operation defendants of, execution and filing of the "assignment" or transfer Plaintiffs became obligated to defendants, and defendants by in large became Plaintiffs creditor.

20. The Assignment in part alleges" valuable consideration" was given to MERS and that both alleged Note and Deed of Trust (Mortgage) was transferred and negotiated to the defendant.

21. Plaintiffs seeks judicial determinations as to whether the Assignment of Deed of Trust (Mortgage) and the alleged Note executed by MERS conferred any rights, title and interest in the Plaintiff's subject property. Additionally, Plaintiffs request the court declare whether "valuable consideration" as stated in the assignment is actually monetary or non- monetary in nature of "consideration" and or "valuable consideration".

22. Plaintiffs are also entitled to trial and discovery, to afford defendant the opportunity to prove that MERS is named on the Note, take payments on the alleged debt in any manner, whether MERS ever had possession of any alleged Note, and proof defendant paid MERS any monetary value for such alleged debt.

23. Plaintiffs are otherwise unable to ascertain the validity of defendants alleged debt and the amounts they claim is due and owing. Plaintiffs deny any loan was received by the alleged original creditor and is entitled to discovery and trial to determine is ever such a loan was funded to the Plaintiffs. Furthermore, Plaintiffs are unable to determine the validity of defendants purported assignment of the alleged debt for the following reasons:

1. Firstly Plaintiffs are not familiar and or otherwise is not provided with the definition of the term "valuable consideration" as is the verbiage used on the assignment to defendants.

2. Secondly, it is Plaintiffs understanding that the term "valuable consideration" can be non – monetary in nature.

3. Thirdly, Plaintiffs upon the information and belief understands that MERS is not named on the alleged Note, and never has possession of any alleged Notes. MERS could not have transferred, nor received any consideration and or valuable consideration as alleged in this assignment;

24. Plaintiffs are otherwise unable to ascertain the validity of Defendants' alleged debt and the amounts they claim is due and owing. Plaintiffs deny any loan was received by the alleged original creditor and is entitled to discovery and trial to determine is ever such a loan was funded to the Plaintiffs.

25. Specifically Defendant knew they were not entitled to collect on the non-existent debt.

26. Defendant was fully aware that they were unable to provide a performance contract executed by Plaintiff, whereby Plaintiffs are obligated to Defendant.

26. Defendant is therefore liable unto Plaintiff pursuant to 15 U.S.C. §1692(k) in the amount of $1,000 plus punitive, consequential, treble damages, and actual damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief to be awarded for each Cause of Action:

a. For Declaratory Relief, including the following Decrees of this Court that:

b. Plaintiffs requests a determination of the court to determine if Defendants in fact is "debt collector" and or "creditor" as defined in Defendants communications, or the act itself.

c. That Defendants are prohibited from sending any additional notices making demands of Plaintiff regarding such alleged debt;

d. Actual, and statutory damages in an amount determined at trial, and within the jurisdictional amount of this court;

e. Awarding Plaintiffs any pre- judgment and post – judgment interest as may be allowed under the law.

f. and any other such damages deemed appropriate by the court.

**Jury Trial is Demanded.**

Dated: 5/15/2015

By: [signature]
Enrique Perez, Consumer Plaintiff

By: [signature]
Bella T. Perez Consumer Plaintiff

Case3:15-cv-02196-RS Document1 Filed05/15/15 Page11 of 20

# EXHIBIT "A"

**A dunning Notice by**

**Defendant (DEBT COLLECTOR BAYVIEW LOAN SERVICING, LLC**

COMPLAINT FOR DAMAGES
11

**Mortgage Statement**

Statement Date: 03/16/15

BAYVIEW

Bayview Loan Servicing, LLC
62516 Collection Center Drive
Chicago, IL 60693-0625
Phone: 1-800-457-5105

www.bayviewloanservicing.com

| | |
|---|---|
| Account Number | 1043508 |
| Payment Due Date | 04/01/15 |
| **Total Amount Due** | **$122,585.06** |

*If payment is received after 4/16/15, a $122.71 late fee will be charged.*

9480

Bella T Perez
3158 14th St
San Pablo, CA 94806-2177

## Account Information

| | |
|---|---|
| Outstanding Principal Balance | $478,003.92 |
| Deferred Amount | $0.00 |
| Interest Rate | 3.75% |
| Interest Rate Change Date | 06/01/14 |
| Late Charge Balance | $243.56 |
| Rec Corp Advance | $441.29 |
| Prepayment Penalty | N |
| Unapplied Funds | $0.00 |

## Explanation of Amount Due

| | |
|---|---|
| Principal | $1,153.79 |
| Interest | $1,300.33 |
| Escrow (Taxes and Insurance) | $0.00 |
| Regular Monthly Payment | $2,454.12 |
| Fees & Charges Assessed | $136.71 |
| Past Due Amount | $120,130.94 |
| Optional Insurance | $0.00 |
| Total Amount Due* | $122,585.06 |

Payments will be applied in order that they become due (oldest first) unless bankruptcy or other court ordered payment plan is in place.
*Total amount due may not include recoverable fees not yet charged to the account, and may not include unapplied funds/totals not yet applied to the account.
*For delinquent loans, the Interest Rate Change Date is the next scheduled change date at the time the loan became past due.

## Past Payments Breakdown

| | Paid Last Bill | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $49.84 |
| Interest | $0.00 | -$49.84 |
| Escrow (for Taxes & Insurance) | $0.00 | $0.00 |
| Fees & Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

## Important Messages

**Partial Payments: Any partial payment that you make is not applied to your mortgage payment, but instead is held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

*This is your Principal Balance only, not the amount required to pay your loan in full. Please contact Customer Service for your exact payoff balance. In the event you are in default or foreclosure, you must contact 1.800.457.5105 for payoff information.

Your Point of Contact is MICHAEL MALESKI and can be reached on 1.877.487.4264.

## **Delinquency Notice**

**You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 03/16/15 you are 1566 days delinquent on your mortgage.**

*Recent Account History:*

- Payment due: 10/01/14: Unpaid balance of $2,417.06
- Payment due: 11/01/14: Unpaid balance of $2,417.06
- Payment due: 12/01/14: Unpaid balance of $2,417.06
- Payment due: 01/01/15: Unpaid balance of $2,417.06
- Payment due: 02/01/15: Unpaid balance of $2,417.06
- Payment due: 03/01/15: Unpaid balance of $2,454.12
- Current payment due 04/01/15: $2,454.12

**Total: $122,585.06 due. You must pay this amount to bring your loan current.**

**If You Are Experiencing Financial Difficulty:** If you need further counseling, you can call the Homeowner's HOPE Hotline at 1.888.995.HOPE (4673) or contact us at http://www.consumerfinance.gov/mortgagehelp/. The Hotline can help with questions about the program and offers free HUD-certified counseling services in English and Spanish.

**With your Payment Option ARM, you have the flexibility to choose your monthly payment amount from the options listed below.**

| | Minimum Payment Option | Interest Only/Minimum Payment | Full Amortization | 15-Year / Full Amortization |
|---|---|---|---|---|
| Principal | | | $0.00 | $0.00 |
| Interest | $1,300.33 | $1,300.33 | $0.00 | $0.00 |

Your Optional Payment loan has a maximum principal amount of $506,000.00; at which point your payment options will be limited to fully amortizing (principal reduction).

BAYVIEW LOAN SERVICING, LLC
62516 COLLECTION CENTER DRIVE
CHICAGO, IL 60693-0625

Please include the loan number on your check. If we cannot clearly associate the check with a single loan, it may delay or prohibit us from crediting your account.

Borrower BELLA T PEREZ
Loan Number 1043508
Monthly Payment Due $2,454.12

Due By: 04/01/15 Total Amount Due: $122,585.06

*If payment is received after 4/16/15, a $122.71 late fee will be charged.*

BAYVIEW LOAN SERVICING, LLC
62516 COLLECTION CENTER DRIVE
CHICAGO, IL 60693-0625

Please indicate additional funds. Any additional funds not specified will be applied as required by your loan documents and applicable law

| | |
|---|---|
| Additional Principal | $ . |
| Additional Escrow | $ . |
| Other ______ | $ . |
| Total Amount Sent (Please do not send cash) | $ . |

☐ Check here if your address/telephone number has changed and fill out form on reverse side

Make check payable to Bayview Loan Servicing.

Please do not write below this line ______ Servicing Code: MSP

0001043508 MSP 0000245412 0012258506 5

Statement Date: 03/16/15

| | |
|---|---|
| Account Number | 1043508 |
| Payment Due Date | 04/01/15 |
| **Total Amount Due** | **$122,585.06** |

*If payment is received after 4/16/15, a $122.71 late fee will be charged.*

**Transaction Activity (02/13/15 to 03/16/15)**

| Date | Description | DEBITS | CREDITS |
|---|---|---|---|
| 03/11 | Property Preservation Disbursement | $14.00 | |
| 03/16 | Late Charge | $122.71 | |

# EXHIBIT "B

**Plaintiffs served upon DEBT COLLECTOR BAYVIEW LOAN SERVICING, LLC a Notice of Validation of Debt**

Bella T. Perez *Consumer Plaintiff*
c/o 3158 14th Street
San Pablo, California [94806]

March 30, 2015

BAYVIEW LOAN SERVICING, LLC
62516 Collection Center Drive
Chicago, IL 60693

Re: Notice of Dispute, Demand for Verification/Validation of Alleged Debt;

I recently received a dunning letter from your entity/ agency that alleges your position as servicer for a Mortgage allegedly executed with DEBT COLLECTOR BAYVIEW (See Attached). Accordingly my records reflect you are not, neither have you been a creditor of mine, or one that I have conducted any consumer transaction with. Therefore your identity is unknown to me at this time, you appear not to be a known party to any transaction that I **Recall.** This requires further information and documentation from you to verify your status and capacity.

Therefore I am respectfully demanding verification and or validation of any alleged debt pursuant to 15 USC§1681, and the Rosenthal Act §1788 respectively. Since you claim to be acting in the capacity of an "alleged servicer" acting in and for an alleged Lender this may be construed as Qualified Written Request ("QWR") pursuant to 12 USC§2605 (e).

Based upon the information contained in your dunning notice, and my lack of knowledge of an established business relationship, and or written contract with your company, your alleged debt is hereby disputed in its entirely, including amount alleged to be due and owing.

Be advised the above named person is " consumer" as the term is defined in 15 USC§1692a(3), FDCPA, and California Rosenthal Act (herein after " CRA") 1788.2(g)(h), Upon information and belief your company is attempting to collect a " debt" pursuant to 15 USC§1692a (5), California Rosenthal Act. Based upon documentary evidence available to me, your company appears to have obtained the alleged debt while in default (the assignment or transfer), therefore your are not a" creditor" as defined in 15 USC§1692a(4), California Rosenthal Act 1788.2(i).

Notwithstanding your company is considered a" debt collector" as defined by USC§1692a(6), California Rosenthal Act 1788.2(c), In light of this fact, you are required to comply with all state and federal consumer protection laws.

Therefore this notice can be construed as a Notice of Intent to bring such action if your response does not support a legal debt "owed" to your agency. In concluding you are required to respond within five (5) business days to my request, should you fail to timely response, and or proffer a non- response I may bring suit without further notice.

In concluding, should your company continue collections of the alleged debt, prior to complying with the consumer protections statutes of this state and federal laws, suit may be filed against you without further notice.

Warmest Regards

_/s/_Bella T. Perez

Bella T. Perez, *Consumer Plaintiff*

Cc File: BAYVIEW DUNNING LETTER

Certified Mail # 7014 2120 0003 2757 8823



SXJ6266571-00A

# Mortgage Statement

Bayview Loan Servicing, LLC
62516 Collection Center Drive
Chicago, IL 60693-0625
Phone: 1-800-457-5105

Statement Date: 03/16/15

www.bayviewloanservicing.com

| | |
|---|---|
| Account Number | 1043508 |
| Payment Due Date | 04/01/15 |
| **Total Amount Due** | **$122,585.06** |

*If payment is received after 4/16/15, a $122.71 late fee will be charged*

9489

Bella T Perez
3158 14th St
San Pablo, CA 94806-2177

## Account Information

| | |
|---|---|
| Outstanding Principal Balance | $478,003.92 |
| Deferred Amount | $0.00 |
| Interest Rate | 3.75% |
| Interest Rate Change Date | 06/01/14 |
| Late Charge Balance | $243.56 |
| Rec Corp Advance | $441.29 |
| Prepayment Penalty | N |
| Unapplied Funds | $0.00 |

## Explanation of Amount Due

| | |
|---|---|
| Principal | $1,153.79 |
| Interest | $1,300.33 |
| Escrow (Taxes and Insurance) | $0.00 |
| **Regular Monthly Payment** | **$2,454.12** |
| Fees & Charges Assessed | $136.71 |
| Past Due Amount | $120,130.94 |
| Optional Insurance | $0.00 |
| **Total Amount Due*** | **$122,585.06** |

Payments will be applied in order that they become due (oldest first) unless bankruptcy or other court ordered payment plan is in place.
*Total amount due may not include recoverable fees not yet charged to the account, and may not include unapplied funds/totals not yet applied to the account.
*For delinquent loans, the Interest Rate Change Date is the next scheduled change date at the time the loan became past due.

## Past Payments Breakdown

| | Paid Last Bill | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $49.84 |
| Interest | $0.00 | -$49.84 |
| Escrow (for Taxes & Insurance) | $0.00 | $0.00 |
| Fees & Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

## Important Messages

**Partial Payments: Any partial payment that you make is not applied to your mortgage payment, but instead is held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

*This is your Principal Balance only, not the amount required to pay your loan in full. Please contact Customer Service for your exact payoff balance. In the event you are in default or foreclosure, you must contact 1.800.457.5105 for payoff information.

Your Point of Contact is MICHAEL MALESKI and can be reached on 1.877.487.4264.

## **Delinquency Notice**

**You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 03/16/15 you are 1566 days delinquent on your mortgage.**

*Recent Account History:*

- Payment due: 10/01/14: Unpaid balance of $2,417.06
- Payment due: 11/01/14: Unpaid balance of $2,417.06
- Payment due: 12/01/14: Unpaid balance of $2,417.06
- Payment due: 01/01/15: Unpaid balance of $2,417.06
- Payment due: 02/01/15: Unpaid balance of $2,417.06
- Payment due: 03/01/15: Unpaid balance of $2,454.12
- Current payment due 04/01/15: $2,454.12
- Total: $122,585.06 due. You must pay this amount to bring your loan current.

**If You Are Experiencing Financial Difficulty:** If you need further counseling, you can call the Homeowner's HOPE Hotline at 1.888.995.HOPE (4673) or contact us at http://www.consumerfinance.gov/mortgagehelp/. The Hotline can help with questions about the program and offers free HUD-certified counseling services in English and Spanish.

**With your Payment Option ARM, you have the flexibility to choose your monthly payment amount from the options listed below.**

| | Minimum Payment Option | Interest Only/Minimum Payment | Full Amortization | 15-Year / Full Amortization |
|---|---|---|---|---|
| Principal | | | $0.00 | $0.00 |
| Interest | $1,300.33 | $1,300.33 | $0.00 | $0.00 |

Your Optional Payment loan has a maximum principal amount of $506,000.00; at which point your payment options will be limited to fully amortizing (principal reduction).

BAYVIEW LOAN SERVICING, LLC
52516 COLLECTION CENTER DRIVE
CHICAGO, IL 60693-0625

Please include the loan number on your check. If we cannot clearly associate the check with a single loan it may delay or prohibit us from crediting your account.

Borrower BELLA T PEREZ
Loan Number 1043508
Monthly Payment Due $2,454.12

| Due By: | 04/01/15 | Total Amount Due: | $122,585.06 |
|---|---|---|---|

*If payment is received after 4/16/15, a $122.71 late fee will be charged.*

BAYVIEW LOAN SERVICING, LLC
62516 COLLECTION CENTER DRIVE
CHICAGO, IL 60693-0625

Please indicate additional funds. Any additional funds not specified will be applied as required by your loan documents and applicable law.

| | |
|---|---|
| Additional Principal | $ |
| Additional Escrow | $ |
| Other ________ | $ |
| Total Amount Sent (Please do not send cash) | $ |

☐ Check here if your address/telephone number has changed and fill out form on reverse side.

Make check payable to Bayview Loan Servicing.

Please do not write below this line. Servicing Code: MSP

0001043508 MSP 0000245412 0012258506 5

Statement Date: 03/16/15

| | |
|---|---|
| Account Number | 1043508 |
| Payment Due Date | 04/01/15 |
| **Total Amount Due** | **$122,585.06** |

*If payment is received after 4/16/15, a $122.71 late fee will be charged.*

**Transaction Activity (02/13/15 to 03/16/15)**

| Date | Description | DEBITS | CREDITS |
|---|---|---|---|
| 03/11 | Property Preservation Disbursement | $14.00 | |
| 03/16 | Late Charge | $122.71 | |

7014 2120 0003 2757 8823

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

CHICAGO, IL 60693

| | | |
|---|---|---|
| Postage | $ $0.49 | 0117 |
| Certified Fee | $3.30 | 14 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $3.79 | 03/31/2015 |

RICHMOND, CA 94806 SAN PABLO FINANCE MAR 31 2015

Sent To: Bayview Loan Servicing LLC
Street & Apt. No., or PO Box No.: 62516 Collection Center Dr
City, State, ZIP+4: Chicago, IL 60693

PS Form 3800, July 2014 — See Reverse for Instructions

7014 2120 0003 2757 8823

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

CHICAGO, IL 60693

| | | |
|---|---|---|
| Postage | $ $0.49 | 0117 |
| Certified Fee | $3.30 | 14 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $3.79 | 03/31/2015 |

RICHMOND, CA 94806 SAN PABLO FINANCE MAR 31 2015

Sent To: Bayview Loan Servicing LLC
Street & Apt. No., or PO Box No.: 62516 Collection Center Dr
City, State, ZIP+4: Chicago, IL 60693

PS Form 3800, July 2014 — See Reverse for Instructions





## CERTIFICATE OF SERVICE

I certify that a copy of Summons and Complaint will be serve upon Defendant listed below in compliance with FRCP Rule 4;

BAYVIEW LOAN SERVICING, LLC
c/o R/A ANTON A. EWING
655 Columbia Street Ste 403
San Diego, California 92101

Dated: 5/15/2015

/S/ ________________