UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ENRIQUE PEREZ, et al.,

    Plaintiffs,

    v.

BAYVIEW LOAN SERVICING, LLC,

    Defendant.

Case No. 15-cv-02196-RS

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**

## I. INTRODUCTION

*Pro se* plaintiffs Enrique Perez and Bella Perez ("the Perezes") bring this action against defendant Bayview Loan Servicing, LLC ("Bayview") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Plaintiffs aver Bayview lacks authority to collect on their home loan, and seek damages for Bayview's past efforts at collection. Bayview responds that plaintiffs have not sufficiently pleaded their claims, which in any event are barred by problems with standing and judicial estoppel.

For the reasons set forth below, the complaint fails to state a claim upon which relief may be granted. Accordingly, plaintiffs' complaint is dismissed with leave to amend. Pursuant to Civil Local Rule 7-1(b), defendant's motion set for November 5, 2015 is suitable for disposition without oral argument, and the hearing will be vacated.

## II. FACTUAL BACKGROUND[1]

---

[1] Bayview has filed a motion seeking judicial notice of several documents related to the Perezes' mortgage and bankruptcy, including the Deed of Trust, Req. for Jud. Not. ("RJN") Ex. A, the 2009 Voluntary Petition for Bankruptcy, RJN Ex. B, a notice of Transfer of Claim Other Than for Security, RJN Ex. C, a Notice of Final Cure Payment, RJN Ex. D, and Discharge Orders for Debtors and Trustee, RJN Ex. E. That motion is hereby granted. The following facts have been drawn from the complaint or documents that have been judicially noticed.

1       On January 11, 2006, the Perezes entered into a loan agreement to borrow $440,000 for the
2  purchase of property located at 3158 14th Street, San Pablo, California.  Approximately three
3  years later, they defaulted on their loan and filed a petition for bankruptcy protection under
4  Chapter 13 of the Bankruptcy Code.  The Chapter 13 repayment plan required the Perezes to make
5  payments to their creditors for a period of five years.  During that time, on October 23, 2014, Bank
6  of America, N.A. transferred its rights under the loan to Bayview—the servicing agent for the
7  Bank of New York.  Six months thereafter, the Chapter 13 bankruptcy trustee filed a notice
8  indicating the Perezes had cured the default on the claim filed by creditor "Bayview Loan
9  Servicing."  Having fully performed the repayment plan, the Perezes' bankruptcy was
10 subsequently discharged.

11      Roughly three months after the bankruptcy was discharged, the Perezes received a loan
12 statement from Bayview indicating they were delinquent on their mortgage payments.  Compl. ¶ 6,
13 Ex. A.  The "account history" showed the Perezes had missed their previous six installments and
14 were past due in the amount of $122,585.06.  The notice explained that "failure to bring your loan
15 current may result in fees and foreclosure—the loss of your home."  Compl. Ex. A.

16      The Perezes aver they were "without knowledge of the alleged debt" and "deny any loan
17 was received from the alleged original creditor." Compl. ¶ 23.  Bella Perez responded to the loan
18 statement with a letter—styled as a Notice of Dispute under 15 U.S.C. § 1692g—contesting the
19 debt and demanding additional validation. Compl. Ex. B.  She also opined that Bayview was
20 required to halt collection activities, and cautioned she might bring suit if Bayview failed to
21 respond in a timely fashion.

22      Two months passed. According to plaintiffs, Bayview "continue[d] to make attempts at
23 collection of the alleged debt through threats to sell [the Perezes'] property."  Compl. ¶ 15.

24      This action followed.  Plaintiffs aver Bayview has failed to provide proof of the debt and
25 no longer can claim they can foreclose on the property.  Though plaintiffs acknowledge Bayview
26 "received an assignment of the mortgage after the debt was in default," Compl. ¶ 8, they dispute
27 the validity of the assignment, averring their mortgage was securitized into a Real Estate Mortgage

1 Investment Conduit ("REMIC") trust whose terms prohibited its transfer. Plaintiffs assert claims under six different provisions of the FDCPA and seek damages for Bayview's alleged violations of the Act.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id*. at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true).

## IV. DISCUSSION

The complaint fails to survive Bayview's motion to dismiss because (1) plaintiffs lack

standing to challenge the putative securitization agreement, and (2) the complaint does not contain sufficient factual allegations to support plaintiffs' claims for relief.

      A.      Plaintiffs lack standing to challenge the putative securitization agreement.

As an initial matter, plaintiffs aver Bayview has no right to collect on their home loan because the assignment of their debt violated the terms of an unidentified REMIC trust. This trust allegedly "closed 90 days after it was opened," rendering Bayview's assignment impermissible and negating their right to foreclose. Compl. ¶ 9.

Plaintiffs' contentions here are without merit. Setting aside the lack of factual allegations identifying the trust or its terms, the complaint is inadequate because the Perezes, as borrowers, were neither a party to nor a beneficiary of the putative securitization agreement.

Specifically, in 2006, the Perezes executed a note and a deed of trust containing a power of sale clause and provisions allowing the note to be sold without notice to the borrowers. RJN Ex. A. In such circumstances, courts have held "even if [an] asserted improper securitization (or any other invalid assignments or transfers of the promissory note subsequent to [its execution]) occurred," as the Perezes aver here, "the relevant parties to such a transaction were the holders (transferors) of the third party note and the third party acquirers (transferees) of the note." *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 514–15 (2013). Moreover, "[a]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note," the borrowers "lack[] standing to enforce any agreements, including [an] investment trust's pooling and servicing agreement, relating to such transactions." *Id.* at 515. *See also Hunt v. U.S. Bank N.A.*, 593 Fed. App'x 730, 732 (9th Cir. 2015) (noting even if "improper securitization occurred or the assignments were fraudulent," the borrowers lack standing because they "are not a party to those transactions and are not the victims"). Thus, because the Perezes are an unrelated third party to the putative REMIC trust's securitization agreement, they lack standing to enforce the terms of that agreement even if the assignment was ultimately invalid. In short, plaintiffs' averments concerning the REMIC trust do not state a legally sufficient claim of any kind against Bayview.

B.  Plaintiffs fail to state a claim under the FDCPA

1.  Threshold issues

As a threshold matter, Bayview asserts judicial estoppel precludes the Perezes' FDCPA claims because they had notice of them during bankruptcy and were required to raise them in that forum. Bayview's argument relies upon *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602 (2011), which noted that "in completing bankruptcy schedules, a debtor should list any legal claims against a creditor whose conduct caused the bankruptcy; otherwise, an action on the claim is barred." *Id.* at 1613–14 (quoting *Gottlieb v. Kest*, 141 Cal. App. 4th 110, 136 (2006)) (quotation marks omitted).

In *Hamilton*, however, and unlike here, it was clear from the complaint that the events underlying the plaintiff's claim "occurred many months before plaintiff filed his bankruptcy proceeding, so he must have known of the facts allegedly justifying the claim, yet he failed to disclose the claim." *Id.* at 1613. In the present case, the complaint provides no such clarity. It is entirely possible that the events giving rise to the FDCPA claims occurred only in the time following the discharge of the Perezes' bankruptcy. Further, and for the same reason, it is not possible to determine whether plaintiffs' FDCPA claims are time barred. *See* 15 U.S.C. § 1692k(d) (outlining requirement that FDCPA claims be brought "within one year from the date on which the violation occurs"). Accordingly, each violation asserted by plaintiffs will now be addressed in turn.

2. Plaintiffs' FDCPA Claims

To state a claim alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), a plaintiff must show: "(1) that he is a consumer; (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector; and (4) that the defendant violated one of the provisions of the FDCPA." *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1071 (N.D. Cal. 2011). Bayview contests only whether plaintiffs have made allegations sufficient to satisfy the fourth element.

a.  FDCPA Section 1692d

Plaintiffs begin by asserting Bayview has violated Section 1692d of the FDCPA.  Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Conduct prohibited by the statute includes "the use or threat of violence," *id.* § 1692d(1), "the use of obscene or profane language," *id.* § 1692(2), "the publication of a list of consumers who allegedly refuse to pay debts," *id.* § 1692d(3), "the advertisement for sale of any debt to coerce payment of the debt," *id.* § 1692d(4), and the repeated initiation of phone calls "with intent to annoy, abuse, or harass" the recipient, *id.* § 1692d(5).

Here, plaintiffs aver Bayview issued "threats to sell Plaintiffs['] property," but they fail to identify any communications that support their claim for relief.  Instead, the complaint recites the text of Section 1692d without referring to any underlying facts.  Compl. ¶ 16a ("Defendant has violated 15 U.S.C. § 1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt.").  Moreover, the single communication that *is* identified in the complaint—Bayview's loan statement—is never characterized by plaintiffs as abusive or harassing. As a result, the Perezes offer no factual basis suggesting Bayview engaged in prohibited conduct.

Leave to amend must be granted, however, unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corps.*, 66 F.3d 245, 248 (9th Cir. 1995).  In addition, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Accordingly, although plaintiffs do not presently state a viable claim under Section 1692d of the FDCPA, they will be afforded leave to amend with any facts showing a violation that occurred following the discharge of their bankruptcy.

b.   FDCPA Section 1692j

Section 1692j renders it unlawful for a debt collector to furnish a deceptive or misleading form in connection with the collection of any debt. *See* 15 U.S.C. § 1692j.  Here, the complaint

fails to identify any form as deceptive or misleading. While plaintiffs do aver they lack "knowledge" of Bayview's debt, Compl. ¶ 23, they state no factual allegations relating to Bayview's March 16th notice. Accordingly, the complaint does not state a viable claim under Section 1692j of the FDCPA. Plaintiffs will be afforded leave to amend with any facts showing a violation following the discharge of their bankruptcy.

        c.  FDCPA Section 1692f(1)

Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15. U.S.C. § 1692f. Among the conduct prohibited by this section is the "collection of any amount [not] expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1).

Here, the complaint merely quotes the text of this provision and offers the threadbare conclusion that the section has been violated. Plaintiffs make no factual allegations about the nature of the debt itself or any interests, fees, or expenses the originating document may have permitted or excluded. As such, the complaint does not contain sufficient factual averments to state a viable claim under Section 1692f(1). Plaintiffs will be afforded leave to amend with any facts showing a violation following the discharge of their bankruptcy.

        d.  FDCPA Section 1692e(2)

Section 1692e provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Among the conduct prohibited by this section is the false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e(2).

Beyond quoting the language of this provision and recasting it in the form of an allegation, plaintiffs do not allege facts specifically showing Bayview issued any false, deceptive, or misleading representations. At most, plaintiffs' confess their confusion with having received the March 16th statement in the first place. *See* Compl. Ex. A. The complaint, however, does not quarrel with any term or representation contained within that loan statement. Further, the complaint belies the inference that Bayview's dispatch of the March 16th notice was fraudulent or

1    misleading.  Plaintiffs repeatedly acknowledge Bayview was assigned their mortgage prior to the

2    default being cured during bankruptcy, *see* Compl. ¶ 7, 19–21, Ex. A, and despite their professed

3    ignorance of Bayview's position as their loan servicer, the Perezes concede their lawsuit "has

4    more to do with [Bayview's] deceptive and illegal acts in their attempt to collect the alleged debt,

5    as opposed to any *legitimacy* of their alleged debt," Compl. ¶ 10 (emphasis added).  In light of

6    these statements, plaintiffs have not provided sufficient factual allegations to conclude that a

7    misleading representation was made.  Accordingly, they fail to state a viable claim under Section

8    1692e(2) of the FDCPA.  Plaintiffs will be afforded leave to amend with any facts showing a

9    violation following the discharge of their bankruptcy.

       e. FDCPA Section 1692f(6)

  Section 1692f(6) states that "[t]aking or threatening to take any nonjudicial action to effect dispossession" of a property is an unfair or unconscionable means to collect any debt if "there is no present right to possession of the property," "no present intention to take possession of the property," or "the property is exempt by law from such dispossession or disablement." 15 U.S.C. §§ 1692f(6)(A)–(C).

  Here, plaintiffs aver Bayview issued "threats to sell" their property despite lacking legal authority to do so. Compl. ¶ 9, 15.  The complaint, however, offers little support to bolster this allegation.  Plaintiffs do not identify any specific communication alleged to constitute an improper threat.  Bayview's loan statement, moreover, appears to have warned of foreclosure in a manner permitted by the Deed of Trust.  *See* RJN Ex. A (providing in Section 22 that lender may notify buyer that failure to cure a default may result in sale of the property).

  Accordingly, the complaint does not contain sufficient factual allegations to state a viable claim under Section 1692f(6).  Plaintiffs are granted leave to amend with any facts showing a violation following the discharge of their bankruptcy.

       f. FDCPA Section 1692g

  Section 1692g outlines the procedures permitting consumers to notify debt collectors that they dispute a particular debt. *See* 15 U.S.C. § 1692g(a)(3)–(5).  Specifically, if a consumer

notifies a debt collector within thirty days of the initial communication that they dispute any portion of a debt, the collector must halt their collection activities, verify the debt, and respond to the consumer with an array of information. *See id.* § 1692g(b).

Here, plaintiffs aver they filed a notice of dispute on March 30, 2015, yet Bayview "continue[d] to make attempts at collection of the alleged debt" in violation of the statute. Compl. ¶ 15. These allegations do not state a viable claim against Bayview because plaintiffs failed to comply with the statute's thirty day deadline to respond. The Perezes received notice of Bayview's relationship to their loan on April 23, 2014, when the "Transfer of Claim Other than for Security" was filed in the bankruptcy court and served on the parties. *See* RJN Ex. C. That filing apprised the Perezes of the claim's transferor, "Bank of America, N.A.," transferee, "Bayview Loan Servicing, LLC as servicing agent for The Bank of New York Mellon," and amount. *See id.* Importantly, plaintiffs did not dispute Bayview's attempt to collect on this loan until roughly eleven months later. Their notice of dispute was therefore untimely, rendering their claim under Section 1692g correspondingly meritless. Because this failure cannot be remedied with additional factual averments, plaintiffs' 1692g claim is dismissed without leave to amend.

## V. CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss is granted. Plaintiffs, however, may amend all but the FDCPA claim arising under Section 1692g. Should plaintiffs elect to amend their pleading, they must lodge an amended complaint within thirty (30) days from the date of this order.

**IT IS SO ORDERED**.

Dated: October 20, 2015

RICHARD SEEBORG
United States District Judge